**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RODNEY PINKETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| CREDIT CONTROL, LLC, | ) |
| and RAZOR CAPITAL, LLC, | ) |
| | ) |
| Defendants. | ) |

## **COMPLAINT**

## **INTRODUCTION**

1.      Plaintiff Rodney Pinkett brings this action to secure redress from unlawful credit and collection practices engaged in by defendants Credit Control, LLC and Razor Capital, LLC.

2.      Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

## **VENUE AND JURISDICTION**

3.      This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

4.      Venue and personal jurisdiction in this District are proper because:

      a.      Defendants' collection communications were received by plaintiff within this District;

      b.      Defendants do or transact business within this District.

## **PARTIES**

5.      Plaintiff Rodney Pinkett is an individual who resides in the Northern District of Illinois.

6.      Defendant Credit Control, LLC is a limited liability company organized under the law of Missouri with offices at 245 E. Roselawn Avenue, Suite 25-26, Maplewood, MN

55117, and 5757 Phantom Drive, Suite 330, Hazelwood, MO 63042. It does business in Illinois. Its registered agent and office is CT Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, IL 60604.

7. Credit Control, LLC is engaged in the business of using the mails and telephone to collect consumer debts originally owed to others.

8. Credit Control, LLC is a debt collector as defined in the FDCPA.

9. Defendant Razor Capital, LLC is a limited liability company chartered under the law of Minnesota with its principal offices at 8000 Norman Ctr. Drive, Suite 115, Bloomington, MN 55437. It does business in Illinois. Its registered agent and office is CT Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, IL 60604.

10. Razor Capital, LLC is engaged in the business of purchasing or acquiring allegedly defaulted consumer debts originally owed to others.

11. Razor Capital, LLC uses the mails and telephone system in conducting its business.

12. Razor Capital, LLC is a debt collector as defined in the FDCPA.

13. All acts of Credit Control, LLC set forth herein were conducted as agent of Razor Capital, LLC.

**FACTS**

14. On or about August 23, 2010, Credit Control, LLC sent plaintiff, on behalf of Razor Capital, LLC, the collection letter attached as <u>Exhibit A</u>.

15. On or about October 14, 2010, plaintiff, through counsel, sent Credit Control, LLC a letter disputing the debt and stating that plaintiff was represented by counsel. A copy of the letter and return receipt is attached as <u>Exhibit B</u>.

16. On November 16, 2010, after receiving <u>Exhibit B</u>, defendant Credit Control, LLC placed two telephone calls to plaintiff, directly, seeking to collect the same debt.

## COUNT I – FDCPA

17. Plaintiff incorporates paragraphs 1-16.

18. Defendant violated 15 U.S.C. §1692c by contacting a represented party directly.

19. Section 1692c provides:

**§ 1692c. Communication in connection with debt collection**

**(a) Communication with the consumer generally. Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt–**

> **. . . (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

(1) Statutory damages;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other and further relief as the Court deems proper.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Zachary A. Jacobs
EDELMAN, COMBS, LATTURNER
& GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)